CLARK & LEONARD INVESTMENT COMPANY ET AL., APPELLEES, V. LYDIA LINDGREN ET AL., APPELLANTS.

FILED MARCH 8, 1906.   No. 14,201.

1. Writ of Assistance: LACHES. An objection that an application for a writ of assistance to put a purchaser at a judicial sale into possession has been too long delayed, is addressed to the sound discretion of the court, and where it is not made to appear that new rights have intervened, or that the defendants have been prejudiced by the delay, such an objection will not be upheld.

2. ———: DISCRETION OF COURT. The grantee of a purchaser at a judicial sale is not necessarily incompetent to prosecute an application for a writ of assistance to put him into possession, and whether he shall be permitted so to do or not is a matter dependent upon circumstances and resting largely in the discretion of the court.

APPEAL from the district court for Hitchcock county: HANSON M. GRIMES, JUDGE.   Affirmed.

Starr & Reeder, for appellants.

W. S. Morlan, contra.

AMES, C.

This is an appeal from an order of the district court granting a writ of assistance to put a grantee of a purchaser at a judicial sale of lands, on a decree of mortgage foreclosure, into possession of the premises. The evidence consists of a stipulation of facts, from which it appears that the foreclosure proceedings were in all respects regular, the defendants and appellants herein having been parties defendant thereto, making personal appearance in the action.

The premises were in April, 1899, conveyed by sheriff's deed to one W. N. Johnson, a remaining defendant in the suit, who in March, 1903, conveyed them by warranty deed to Thomas E. Swarner. During all this time Lindgren and Lindgren, husband and wife, who are appellants herein, and one of whom seems to have been the principal mortgage debtor, appear to have remained in possession, but whether by sufferance or under what additional circumstances, if any, the record does not disclose, but the stipulation recites that after Swarner had obtained his deed from Johnson he presented it, together with the sheriff's deed, to the Lindgrens "and demanded possession of said premises, and the defendants at that time, and at all times, refused to deliver possession of said premises to this applicant, but claimed to own the land." Afterwards Swarner begun an action in forcible detainer against the Lindgrens in the county court, which, as the stipulation recites, was dismissed by the county judge "on the ground solely that a question of title was involved." But we are left wholly in the dark as to what was the nature or extent of the appellants' claim of title, or how or when it originated, or in what manner it arose. Swarner then made the present application to the district court in the original foreclosure suit, to which his grantor was a party defendant, for a writ of assistance to put him into possession. The defendants, Lindgren and Lindgren, appeared and filed a written objection to the jurisdiction of the court over their persons, and over the subject matter of the proceeding, for the alleged reason that they had, shortly after the judicial sale, entered into a still valid and subsisting contract with the purchaser Johnson for the purchase of the land, of which contract they alleged that Swarner had notice; and for the reason that an action in forcible detainer, instituted by Swarner to recover possession, had terminated in favor of the defendants. These allegations were denied by a paper filed by the applicant, and called a reply, and upon these pleadings, if they may be so called, and upon the stipulation of

facts above mentioned, the matter was submitted to the court, who overruled the objections and granted the writ as prayed. There was a motion for a new trial which was overruled, and which seems to have been abandoned, the cause having been brought to this court by appeal.

We suppose that it must be conceded that the paper filed by the defendants, considered merely as an objection to the jurisdiction of the trial court, was ineffectual. It would be a novelty to hold that a court is deprived of jurisdiction by a claim that the defendant has a good defense to the proceeding on its merits. The sole question presented upon the appeal, therefore, is whether the district court abused its discretion by granting the writ. For an answer to this question, recourse must be had solely to the stipulation of facts, which controverts no allegation of the petition, but contains merely the additional recital that at the time Swarner demanded possession the defendants "claimed to own the land." We think that claim, wholly unsupported, amounts to nothing. They might have claimed to own the earth. It is said that in ancient times one did make such a claim, but that being destitute of evidences of title he was not allowed a hearing. The code expressly enacts (sec. 1021) that judgments in actions of forcible detainer "shall not be a bar to any future action by either party."

Two legal objections are made to the proceeding: One is that its beginning was too long delayed, but this goes only to the discretion of the court, which does not appear to have been abused in a case in which it is not shown that any new rights have intervened since the sale; the other is that the grantee of the purchaser was incompetent to make the application and that it could properly have been made by the latter only. This is a matter, too, which we think rests largely in the discretion of the court. A statute in this state has abolished the common law rule against conveyances of land in adverse possession, and actions are required to be prosecuted in the name of the real party in interest, and, when there has been a trans-

fer of the subject matter of a pending suit, the court may, in its discretion, allow a substitution of the transferee as a party in the action. We know no means by which, in this instance, the purchaser could have been compelled to prosecute the proceeding, and after having parted with his title he might, perhaps, have been held not to possess sufficient interest to enable him so to do. Finally, we do not discover that the defendants have suffered any wrong or prejudice in person or estate, and recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.